IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


KEVIN JOEL RUSS,
     Petitioner,

vs.                                            Case No.:  5:16cv40/LAC/EMT

JULIE JONES, et al.,
     Respondents.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed an answer and relevant portions of the state court record (ECF No. 12).  Petitioner filed a reply (ECF No. 14).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the

opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.  BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 12).[1]  Petitioner was charged in the Circuit Court in and for Bay County, Florida, Case Nos. 2009-CF-2411 and 2010-CF-236, with thirty-six (36) counts of possession of photographs, motion pictures, or the like depicting sexual performance by a child (Ex. A at 22–23, 150–57).  Following a jury trial on February 11–14, 2013, he was found guilty as charged on thirty-two (32) counts, and not guilty on four (4) counts (Ex. A at 112–19, Exs. E, F, G).  On March 7, 2013, Petitioner was sentenced to a total term of twenty (20) years in prison followed by thirty (30) years of sexual offender probation (*see* Ex. A at 128–42, Ex. D).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D13-1106 (Ex. H).  The First DCA affirmed the judgment per curiam without written opinion on February 24, 2014, with

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (ECF No. 12).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

the mandate issuing April 22, 2014 (Exs. J, L). Russ v. State, 134 So. 3d 956 (Fla. 1st DCA 2014) (Table).

On August 15, 2014, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D14-3657, alleging ineffective assistance of appellate counsel (Ex. M). The First DCA denied the petition on December 18, 2014 (Ex. O). Russ v. State, 152 So. 3d 571 (Fla. 1st DCA 2014) (Table)

On February 22, 2015, Petitioner filed a counseled motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. P). In an order rendered April 6, 2015, the state circuit court struck the motion as facially insufficient, without prejudice to Petitioner's filing an amended motion within sixty days (Ex. Q). Petitioner filed an amended motion on May 14, 2015 (Ex. R). The state circuit court summarily denied it on May 28, 2015 (Ex. S). Petitioner did not appeal the decision.

On June 3, 2015, Petitioner filed a counseled petition for writ of habeas corpus in the Supreme Court of Florida, Case No. SC15-1034 (Ex. T). The court dismissed the petition on October 5, 2015 (Ex. U). Russ v. Jones, 182 So. 3d 635 (Fla. 2015) (Table).

Petitioner filed the instant counseled federal habeas petition on February 9, 2016 (ECF No. 1).

## II.     STANDARD OF REVIEW

Federal courts may grant habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.  Section 2254(d) provides, in relevant part:

> **(d)**  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)**  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)**  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Employing the Williams framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. Thaler v. Haynes, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); Woods v. Donald, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions.") (internal quotation marks and citation omitted).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law.  See Woods, 135 S. Ct. at 1377.  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  See Panetti v. Quarterman, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was

"objectively unreasonable" in light of the record before the state court. Williams, 529 U.S. at 409; *see* Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam). In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington, *supra*, at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

Woods, 135 S. Ct. at 1376 (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill v. Mecusker, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause, the federal court applies an objective test. Miller-El v. Cockrell, 537 U.S. 322, 340,

123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance." Brumfield v. Cain, — U.S. —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g.*, Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by the AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *See* Cave v. Sec'y for Dep't of Corr., 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit has declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate

court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." Gill, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied the AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." Richter, 562 U.S. at 102.

Within this framework, the court will review Petitioner's claim.

III. PETITIONER'S CLAIM

> Ground One: "Kevin Russ was denied the right to a public trial under the Sixth Amendment. Florida law provides a statute allowing a closed courtroom but the trial court did not apply this exception."

Petitioner claims the trial court violated his Sixth Amendment right to a public trial by partially closing the courtroom on two instances during Petitioner's trial (ECF

No. 1 at 5, 17–18). Petitioner alleges in the first instance, the court closed the courtroom to the public, except the media, during Investigator Husar's identification of six "screen shots" of images or videos containing what Husar believed to be sexual performance by a child (*id.*). Petitioner alleges in the second instance, the court closed the courtroom to the public, except the media and Petitioner's family, during the publication to the jury of thirty-six (36) videos from Petitioner's computer hard drive, while Investigator Husar opined that most of the videos appeared to contain images of sexual performance by a child (*id.*). Petitioner alleges the trial court failed to provide reasons for its partial closures of the courtroom (*id.*). Petitioner contends the partial closures were overly broad, and that easy, less restrictive measures were available to present the materials to the jury without partially closing the courtroom (ECF No. 14 at 2–6).

Respondent concedes Petitioner exhausted this claim in the state courts (ECF No. 12 at 15). Respondent contends Petitioner failed to establish that the state court decision denying his claim was contrary to or an unreasonable application of federal constitutional law (*id.* at 15–23).

No United States Supreme Court holding embodies the legal principle at issue in this case—whether a trial's court's partial closure of a courtroom (i.e., closure of

only portions of the trial to only some members of the public (*see* Ex. E at 2–4, 73–81, 114–27)) violates a defendant's Sixth Amendment right to a public trial. The Eleventh Circuit recognized as much in Enriquez v. Secretary, Department of Corrections, — F. App'x —, 2016 WL 5349203, at *5 (11th Cir. Sept. 26, 2016), when addressing a habeas petitioner's challenge to the state trial court's partial closure of the courtroom (excluding spectators except the media and family members) during his trial on counts of capital sexual battery on a child less than 12 years of age and lewd and lascivious molestation.[2] Enriquez challenged the partial closure on direct appeal of his criminal judgment, arguing in relevant part that the trial court erred by sua sponte clearing the courtroom of persons not directly involved in the case, during the testimony of the child victims, without making any of the findings required by Waller v. Georgia, 467 U.S. 39, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984). The Florida appellate court per curiam affirmed Enriquez's convictions and sentences.

The Eleventh Circuit recognized that Waller involved a complete closure of a courtroom, not a partial closure. Enriquez, 2016 WL 5349203, at *5. The court concluded:

---

[2] The undersigned cites Enriquez only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

> Thus, <u>Waller</u> is not on point with the facts of this case, and therefore it would not have been obvious to the state court . . . —and likewise not clearly established under § 2254(d)(1)—that the trial court was required to conduct the four-part <u>Waller</u> test before partially closing the courtroom for the testimony of the two minor victims.

<u>Enriquez</u>, 2016 WL 5349203, at *5 (citing <u>Dombrowski v. Mingo</u>, 543 F.3d 1270, 1276 (11th Cir. 2008) ("'[W]here no Supreme Court precedent is on point, we cannot say that the state court's conclusion . . . is contrary to clearly established Federal law as determined by the U.S. Supreme Court.'")). The Eleventh Circuit noted that other Circuit Courts of Appeal have similarly concluded that <u>Waller</u> did not clearly establish, for purposes of habeas review, the requirements a trial court must follow when partially closing a courtroom. *See* <u>Enriquez</u>, 2016 WL 5349203, at *5 n.4 (citing <u>Drummond v. Houk</u>, 797 F.3d 400, 403–04 (6th Cir. 2015); <u>Garcia v. Bertsch</u>, 470 F.3d 748, 754 (8th Cir. 2006)).

The Eleventh Circuit has stated that, with respect to partial closures, a trial court is not bound by <u>Waller</u> and need only find a substantial reason justifying the partial closure of the courtroom. *See* <u>Judd v. Haley</u>, 250 F.3d 1308, 1315 (11th Cir. 2001); <u>Douglas v. Wainwright</u>, 739 F.2d 531, 532–33 (11th Cir. 1984). Petitioner argues here that the State had no substantial reason to partially close the courtroom, and that the partial closure was overly broad considering that there were alternative measures

available (*see* ECF No. 14 at 2–6). However, case law from the Eleventh Circuit does not constitute clearly established federal law for purposes of federal habeas relief. *See* Bowles v. Sec'y for Dep't of Corr., 608 F.3d 1313, 1316 (11th Cir. 2010) ("Nor can anything in a federal court of appeals decision, even a holding directly on point, clearly establish federal law for § 2254(d)(1) purposes."). Given the lack of a holding from the Supreme Court on the Sixth Amendment issue presented in this case, the First DCA's rejection of Petitioner's constitutional challenge to the partial closure of the courtroom was not contrary to, and did not involve an unreasonable application of, clearly established federal law.[3] *See* Woods, 135 S. Ct. at 1377) (holding, as to claim that counsel was per se ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted); Wright v. Van Patten, 552 U.S. 120, 125–26, 128 S. Ct. 743, 169 L. Ed. 2d 583 (2008) (holding, as to claim that defendant's right to counsel was violated when defense counsel appeared via speaker phone at defendant's plea hearing: "No

---

[3] Although Petitioner also presented his constitutional claim to the state circuit court in his Rule 3.850 motion (*see* Ex. R), and to the Supreme Court of Florida in his habeas petition (*see* Ex. T), neither of those courts adjudicated the merits of the claim (*see* Exs. S, U). Therefore, it is the First DCA's adjudication of the Sixth Amendment claim on direct appeal that is subject to review in this federal habeas action.

Case No.: 5:16cv40/LAC/EMT

decision of this court . . . squarely addresses the issue in this case, or clearly establishes that Cronic should replace Strickland in this novel factual context. . . . Because our cases give no clear answer to the question presented, let alone one in [the petitioner's] favor, it cannot be said that the state court unreasonably applied clearly established federal law.") (internal quotation marks omitted); Schriro v. Landrigan, 550 U.S. 465, 478, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007) (holding that the state court did not unreasonably apply federal law because "we have never addressed a situation like this."); Carey v. Musladin, 549 U.S. 70, 77, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006) ("Given the lack of holdings from this Court regarding the potentially prejudicial effect of spectators' courtroom conduct of the kind involved here," the denial of relief by the state court "was not contrary to or an unreasonable application of clearly established federal law."); *see also, e.g.,* Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287–88 (11th Cir. 2012) ("[T]he Supreme Court has never held that a prosecutor's closing arguments were so unfair as to violate the right of a defendant to due process. Reese is not entitled to habeas relief because 'it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court].' The Supreme Court has reiterated, time and again, that, in the absence of a clear

answer—that is, a holding by the Supreme Court—about an issue of federal law, we cannot say that a decision of a state court about that unsettled issue was an unreasonable application of clearly established federal law.") (quoting Knowles v. Mirzayance, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009)); Kitchen v. Sec'y, Fla. Dep't of Corr., 571 F. App'x 930, 932 (11th Cir. 2014) ("The state courts' decisions in the instant case were not contrary to or unreasonable applications of clearly-established federal law because no Supreme Court precedent establishes that translations of court proceedings that are inadequate in the manner Kitchen alleges render a trial 'fundamentally unfair.'").

Because Petitioner has not established that the state court's rejection of his Sixth Amendment claim was contrary to, or an unreasonable application of clearly established Supreme Court precedent, he is not entitled to federal habeas relief under § 2254(d)(1).

Additionally, Petitioner has failed to demonstrate, by clear and convincing evidence, that the record reflects an insufficient factual basis for deferring to the First DCA's decision that the partial closure of the courtroom, under the circumstances, did

not violate Petitioner's Sixth Amendment right to a public trial.[4]  Therefore, Petitioner is not entitled to federal habeas relief under § 2254(d)(2).

IV.     CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

---

[4] The trial transcript reflects that the courtroom was closed to persons who were not family members, media, members of the attorneys' staffs, or witnesses (who were not otherwise subject to Florida's rule of sequestration of witnesses (*see* Fla. Stat. § 90.616)), during two instances in which images of children engaged in sexual conduct were displayed on a screen in the courtroom (*see* Ex. E at 2–4, 73–81, 114–27) .

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 13th day of February 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**